# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00362-REB-MEH

DONALD LANGE,

        Plaintiff

v.

RENTAL SERVICE CORPORATION,
a foreign corporation, d/b/a RSC Equipment Rental, and
GENIE INDUSTRIES, INC., a foreign corporation

        Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This case involves product liability claims regarding a product manufactured by Defendant Genie Industries, Inc.  Discovery in this case may involve the disclosure of trade secret or other confidential research, development, or commercial information from the product manufacturer. The purpose of this Order is to protect such information from disclosure that may result in commercial disadvantage to a party.

It is hereby stipulated and agreed by and between the undersigned parties that they will abide by the terms of this protective order in connection with all discovery conducted in this action. Subject to the approval of the Court, the terms of this Protective Order are as follows:

1.      The term "confidential and protected document" or "confidential and protected information" shall be deemed to refer to any specifically identified confidential trade secret, research, commercial, or proprietary document produced by or disclosed by any party in the course of this litigation.  "Confidential and protected document" shall also be deemed to refer to any

documents specifically identified by Plaintiff as containing confidential financial or medical information.

2.    This Protective Order shall govern the use of a "confidential and protected document" or "confidential and protected information" by any person to whom such document is produced, whether in response to discovery or otherwise disclosed in the course of this litigation.

3.    Any confidential and protected document (and any copy, excerpt, digest, summary, or index thereof) and the information contained therein will be used only for the purpose of preparation and trial of the above-captioned lawsuit.

4.    Each document or thing or information designated by any party as confidential and protected and, therefore, subject to the terms of this Protective Order, will be plainly marked with a legend identifying it as "Confidential" or "Confidential and protected document."  A party shall not be deemed to have waived any right to designate materials as "Confidential" by allowing inspection of such material prior to designating such material as confidential or by inadvertently failing to mark a document as confidential prior to its disclosure.

5.    All confidential and protected documents produced in this action (and all copies, excerpts, digests, summaries, and indices of these documents) shall be returned to counsel for the parties who produced the documents or shall be destroyed at the conclusion of this lawsuit and certified as such to the producing party.

6.    Confidential and protected documents and the information contained therein may be disclosed only to the following people:

a.    attorneys (and persons regularly employed or associated with the attorneys actively working on this case),

b.    consultants and experts engaged to prepare the parties' respective claims or defenses in this case,

c.      insurers of any party,

d.      the Court and court personnel,

e.      certified court reporters, and

f.      any other persons agreed to in writing by the parties.

7.      Before disclosure of confidential and protected documents to any person listed in Paragraph 6(b), such person must be advised of this Protective Order, provided with a copy of this Protective Order, and agree to be bound by the terms herein by signing the Agreement to Be Bound by Protective Order in the form attached hereto as Exhibit "A".

8.      Notwithstanding the foregoing, confidential and protected documents shall not be disclosed to any employee, agent, consultant, or representative of any company that is a competitor of Defendant Genie Industries, Inc.

9.      In the event that questions asked at depositions require disclosure of any confidential and protected documents or the information contained therein, counsel for the parties will request on the record, or designate in writing within ten business (10) days of receiving a copy of the deposition transcript, that the pertinent pages of the deposition transcripts be sealed and be utilized only as permitted by this Protective Order.

10.      In the event that any confidential and protected document (and any copy, excerpt, digest, summary, or index thereof) is presented, quoted, or referred to in any pleading or memorandum or other submission filed with the Court, that portion of the pleading, memorandum, or other submission shall be filed under seal and shall be made available to persons and used only as permitted by this Protective Order.  Any confidential and protected document filed shall be filed with the Court in accordance with the requirements of District of Colorado Local Civil Rules 7.2 and 7.3.

11.     At the conclusion of this lawsuit, all documents, transcripts, answers to interrogatories, exhibits or portions thereof that have been designated as confidential and protected, that have been obtained as a result of discovery in this action, and that are in the possession of counsel, a party, expert, or consultant shall be returned to counsel for the party who produced the documents or shall be destroyed and certified as such to the producing party.

12.     All provisions herein regarding confidentiality and non-disclosure of any document and the information contained therein shall continue to be in force after the conclusion of this lawsuit or the return or destruction of any confidential document.

13.     Any party may object in writing to the designation of a document as confidential and protected.  If the parties are unable to resolve an objection within fourteen days of making the objection, the party making the objection may submit the issue to the Court for resolution.  Until the Court resolves the issue, the material shall be treated as confidential.  The party claiming confidentiality shall have the burden of showing a document is in fact confidential or otherwise subject to protection under this Protective Order.  The failure of a party to challenge the confidentiality of a document will not constitute an admission that the document is or is not confidential.  Nor will such failure constitute an admission that the document is or is not admissible.

14.     This Protective Order is binding on counsel, the parties, insurers, and insureds involved in this action, as well as upon any experts or consultants engaged by or on behalf of same. Parties receiving confidential and protected information subject to this Protective Order agree to submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of this Protective Order.

15.     If any Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery

4

of the disclosure, immediately inform the designating party of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure. The party responsible for the disclosure shall also make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

**STIPULATED AND AGREED:**

s/ Richard L. Eddington
Counsel for Plaintiffs

s/ Craig R, May
Counsel for Genie Industries, Inc.

s/ Benton Barton
Counsel for Rental Service Corporation

## ORDER

The preceding Stipulated Protective Order is approved, ordered and entered this 21st day of August, 2006.  This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States District Court

## EXHIBIT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER ("Protective Order") entered in *Lange v. Rental Service Corporation, et al.*, Civil Action No. 06-cv-00362 REB-MEH, United States District Court for the District of Colorado, and hereby agree to be bound by its terms.  I agree not to disclose to anyone any Confidential Information, as defined in that Protective Order or any information revealing the contents of such Confidential Information, except as provided for in the Protective Order.  To the extent that I or my employees are provided with Confidential Information, I agree to instruct my employees regarding the terms of the Protective Order and to ensure that they do not disclose confidential information contained in such Confidential Information, except as provided for in the Protective Order.  I agree to return or destroy Confidential Information at the conclusion of this litigation.  I also agree that that I will not use the Confidential Information for any purpose other than the preparation and trial of this case.  I specifically agree not to use Confidential Information for any competitive or commercial purpose whatsoever.

DATED this _____ day of _____, 2006.


_____

Signatory's Name and Business Affiliation

6